**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MAINES PAPER & FOOD SERVICE, INC., *et al.*[1] | ) Case No. 20-11502 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Docket Ref. No. 14** |

**ORDER AUTHORIZING RETENTION AND**
**APPOINTMENT OF STRETTO AS CLAIMS AND NOTICING AGENT**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to retain and appoint Stretto ("Stretto") as claims and noticing agent ("Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f) to, among other things, (b) distribute required notices to parties in interest, (c) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases and (d) provide such other administrative services, all as more fully set forth in the Application; and upon the First Day Declaration; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Maines Paper & Food Service, Inc. (7759); Maines Funding Corporation (2136); Maines Paper & Food Service - Chicago, Inc. (9916); Maines Paper & Food Service - Dallas, Inc. (8533); Maines Paper & Food Service - Great Lakes, Inc. (3029); Maines Paper & Food Service - Maryland, Inc. (2317); Maines Paper & Food Service - Mid-Atlantic, Inc. (3028); Maines Paper & Food Service - New England, Inc. (3026); Maines Paper & Food Service - NY Metro, Inc. (3024); Maines Paper & Food Service - Ohio, Inc. (3023); Maines Paper & Food Service - Tennessee, Inc. (5934); Maines Paper & Food Service - Worcester, Inc. (1866); and Warehouse & Logistics, Inc. (5921). The Debtors' business address is 101 Broome Corporate Parkway, Conklin, New York 13748.

[2] Capitalized terms used in the Application and but not immediately defined have the meanings given to such terms elsewhere in the Application, or in the First Day Declaration, as applicable.

February 29, 2012, and this Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and this Bankruptcy Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Bankruptcy Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Bankruptcy Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Notwithstanding the terms of the Engagement Agreement attached hereto as **Exhibit 1**, the Application is approved solely as set forth in this Order.

2. The Debtors are authorized to retain Stretto as Claims and Noticing Agent effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases (if any), and all related tasks, all as described in the Application.

3. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases (if any) and is

authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Bankruptcy Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Stretto is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5. Stretto is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Bankruptcy Court approval for the compensation of its services and reimbursement of its expenses.

7. Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Bankruptcy Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtors' estates.

10. Stretto may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and, thereafter, Stretto may hold its advance under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

11. The Debtors shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.

12. Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Bankruptcy Court.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Stretto's gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Stretto's contractual obligations if the Bankruptcy Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Bankruptcy Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or

4

(b) the entry of an order closing these chapter 11 cases, Stretto believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Stretto must file an application therefor in this Bankruptcy Court, and the Debtors may not pay any such amounts to Stretto before the entry of an order by this Bankruptcy Court approving the payment.  This paragraph is intended only to specify the period of time under which the Bankruptcy Court shall have jurisdiction over any request for fees and expenses by Stretto for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Stretto.  All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.

15. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

16. In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Debtors' counsel and, upon approval of the Bankruptcy Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

17. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Stretto but is not specifically authorized by this Order.

18. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

19. Notwithstanding any term in the Engagement Agreement to the contrary (including with regard to paragraph 15 of the Engagement Agreement), the Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. Stretto shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Bankruptcy Court.

23. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

24. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

25. This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated:** June 12th, 2020  
Wilmington, Delaware

KAREN B. OWENS  
UNITED STATES BANKRUPTCY JUDGE

6

DOCS_DE:228953.3 54433/001